IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ira J. Moore,                          )<br>                                                 )<br>                        Plaintiff,   )<br>                                                 )<br>             vs.                            )<br>                                                 )<br>Mildred Rivera, Warden, et al.,   )<br>                                                 )<br>                        Defendants. )<br>                                                 ) | Civil Action No. 6:08-2540-RBH-WMC<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

        This matter is before the court on the plaintiff's motion to stay proceedings and for injunctive relief (doc. 138). The plaintiff, a federal prisoner who is proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

        The plaintiff alleges the defendants in violated his First, Fourth, Fifth, Eighth, and Ninth Amendment rights. The plaintiff asserts that beginning on or about November 23, 2004, the defendants willfully combined, conspired, and confederated, with bad purpose and evil motive, to embark upon a campaign of reprisal against him. The plaintiff states that it was the defendants' objective to enter into a conspiracy to retaliate and discriminate against him and punish him because he has filed administrative complaints against various individuals employed by the Bureau of Prisons ("BOP") and because he has sought redress of grievances from the United States District Courts and other agencies.

On April 6, 2009, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. By order filed May 1, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. Pursuant to the *Roseboro* order, the plaintiff had until June 4, 2009, to file his opposition to the motion for summary judgment.

On June 3, 2009, the plaintiff filed the instant motion in which he contends that on May 19, 2009, he was placed in the Special Housing Unit ("SHU") of the Federal Correctional Institution in Estill, South Carolina ("FCI Estill"), as a result of retaliation by the defendants. He claims he has been denied access to his legal materials and thus cannot respond to the defendants' motion while he is in the SHU. He also claims that his cell is "not fit for human or animal habitation" due to garbage, fungus in the shower, and sewage smell from the cell next door. He asks that the court order the defendants to give him his legal materials and provide cleaning supplies. He also asks that the court order the defendants to release him from the SHU and appoint a Special Master to visit his cell and see the conditions in which he is living.

The defendants oppose the motion and have submitted the affidavit of Johnny Sheffield, Senior Officer Specialist at FCI Estill, in support of their opposition. According to Mr. Sheffield, on May 19, 2009, the plaintiff was placed in the FCI Estill SHU under Administrative Detention. The plaintiff has been charged with the prohibited act of Engaging In A Group Demonstration and is currently awaiting a hearing before the Discipline Hearing Officer. On May 22, 2009, the plaintiff was provided with the opportunity to review his personal property for any relevant legal material he wished to maintain in his cell. The plaintiff had six duffle bags full of personal property, and he was given sufficient time to go through each bag and retrieve the legal material he wished to possess. The plaintiff did take approximately one cubic foot of legal material from his personal property

to his cell. The plaintiff has not made any further requests for additional legal materials. According to Mr. Sheffield, the plaintiff also will be provided access to the SHU law library if and when he makes a request. At the time of Mr. Sheffield's affidavit, the plaintiff had not made any request to utilize the SHU law library (def. opp. m. to stay, ex. A, Sheffield aff. ¶¶ 1-5).

The plaintiff has access to the legal materials he selected and a law library, and he has not requested additional legal materials from his personal property. The defendants have filed a motion for summary judgment and are entitled to a timely disposition of this case. The plaintiff has failed to show a need for a stay of the case. Based upon the foregoing, the plaintiff's motion for a stay is denied. However, the court will give the plaintiff an extension of time. The plaintiff shall have through July 17, 2009, to file opposition to the motion for summary judgment. No further extensions will be given.

The plaintiff's allegations regarding the alleged uninhabitable conditions of his cell are not properly before this court. The alleged conditions were not raised in his initial or amended complaint, and he has not been given permission to amend his complaint. Further, the defendants note that the plaintiff has failed to exhaust the administrative remedy process on the claims regarding his alleged cell condition, cleaning supplies, and his request that a Special Master visit him.

The plaintiff has requested injunctive relief, including that he be released from the SHU. In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

    (a)    The plaintiff's likelihood of success in the underlying dispute between the parties;

    (b)    whether the plaintiff will suffer irreparable injury if the injunction is not issued;

    (c)    the injury to the defendant if the injunction is issued; and

(d) the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271. If the balance tips decidedly in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." However, if the balance does not tip decidedly there must be a strong probability of success on the merits. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991). Lastly, the court must evaluate whether the public interest favors granting preliminary relief. *Id.* at 814.

Here, the plaintiff has been placed in the SHU for purportedly committing a serious violation of prison rules. Generally, "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence," and therefore, "administrative segregation is the sort of confinement ... inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).[1] The plaintiff's discontent with his placement in the SHU and his preference for conditions in the general population do not establish irreparable harm, nor do they not tip the balance of harm in his favor. Further, the plaintiff has not shown a likelihood of success on the merits by showing that the alleged retaliatory act of placing him in the SHU violates his constitutional rights or is punishment for the exercise of a constitutional right.

---

[1] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law.

4

Wherefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's motion for injunctive relief be denied. Further,

IT IS ORDERED that the plaintiff's motion to stay proceedings is denied, and the time within which the plaintiff must file his opposition to the motion for summary judgment is extended through July 17, 2009.

s/William M. Catoe
United States Magistrate Judge

June 25, 2009

Greenville, South Carolina