IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ira J. Moore,<br><br>                  Plaintiff,<br><br>vs.<br><br>Mildred Rivera, Warden, et al.,<br><br>                  Defendants. | Civil Action No. 6:08-2540-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a federal prisoner who is proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff alleges the defendants violated his First, Fourth, Fifth, Eighth, and Ninth Amendment rights. The plaintiff asserts that beginning on or about November 23, 2004, the defendants willfully combined, conspired, and confederated, with bad purpose and evil motive, to embark upon a campaign of reprisal against him. The plaintiff states that it was the defendants' objective to enter into a conspiracy to retaliate and discriminate against him and punish him because he has filed administrative complaints against various individuals employed by the Bureau of Prisons ("BOP") and because he has sought redress of grievances from the United States District Courts and other agencies.

This case was originally filed on July 16, 2008. On November 24, 2008, the plaintiff filed a motion to amend, which was deemed moot because the defendants had not yet filed a substantive response. On November 25, 2008, the plaintiff filed an amended

complaint. On November 26, 2008, the defendants filed an initial motion for summary judgment. On January 8, 2009, the plaintiff filed a response in opposition to defendants' motion for summary judgment. On January 8, 2009, the court authorized service of process on 15 defendants added in the amended complaint. On March 12, 2009, the plaintiff filed a motion for partial summary judgment. On April 6, 2009, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment and also filed a response in opposition to the plaintiff's motion for partial summary judgment. On April 9, 2009, the defendants filed a motion to withdraw the initial motion for summary judgment. On April 30, 2009, the plaintiff filed a motion for extension of time to file a response to the defendants' motion to dismiss or summary judgment. By order filed May 1, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The response date for the plaintiff's opposition was June 4, 2009. This court also found the plaintiff's motion for extension of time to be moot. Instead of filing a response to the motion to dismiss or summary judgment, the plaintiff filed a motion to stay proceedings and a motion for injunction. On June 22, 2009, the defendants opposed these motions.

On June 25, 2009, this court recommended that the motion for preliminary injunction be denied. This court further denied the motion to stay and gave the plaintiff through July 17, 2009, to file his opposition to the defendants' dispositive motion with the admonition that no further extensions would be given.

On July 8, 2009, the plaintiff filed objections to this court's recommendation. The plaintiff did not file opposition to the defendants' motion to dismiss or summary judgment by the deadline. Instead, on July 20, 2009, the plaintiff filed a motion seeking leave to add Chaplain Broome and Chaplain Neal as defendants.

2

By order filed July 28, 2009, the plaintiff's motion to amend was denied and he was given through August 7, 2009, to respond to the defendant's motion to dismiss or for summary judgment. The plaintiff was specifically advised that no further extensions would be granted. The plaintiff elected not to respond to the motion.

Wherefore, based upon the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).


August 17, 2009                                s/William M. Catoe
Greenville, South Carolina           United States Magistrate Judge