```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
```

| | |
|---|---|
| Ira Jerome Moore, ) | Civil Action No.: 6:08-cv-02540-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mildred Rivera, Warden, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Ira Jerome Moore, is a federal prisoner proceeding *pro se*. He seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This case was assigned to United States Magistrate Judge William M. Catoe.[1]

This matter comes before the court with the Magistrate Judge's initial [Docket Entry #142] Report and Recommendation and second [Docket Entry #156] Report and Recommendation. Plaintiff alleges that the defendants violated his First, Fourth, Fifth, Eighth, and Ninth Amendment rights. He alleges that beginning on or about November 23, 2004, the defendants entered into a conspiracy to embark upon a campaign of reprisal against him because he filed administrative complaints against various individuals employed by the Federal Bureau of Prisons ("BOP").

In his second Report, the Magistrate Judge recommended that the court dismiss Plaintiff's complaint with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1] This matter was referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

## Procedural History

The case was originally filed on July 16, 2008. On November 24, 2008, Plaintiff filed a motion to amend his complaint, which was ultimately deemed moot because the defendants had not yet filed an answer. Plaintiff's [Docket Entry #40] Amended Complaint was filed on November 25, 2008.

On November 26, 2008, the defendants filed their initial motion for summary judgment. Because Plaintiff is proceeding *pro se*, on December 1, 2008, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and possible consequences of failing to adequately respond to the motion. On December 17, 2008, Plaintiff sought and was granted an extension of time to respond to the motion for summary judgment. On January 8, 2009, he filed his response in opposition.

On February 2, 2009, Plaintiff filed a motion to appoint counsel and a motion to disqualify the United States Attorney's Office from representing the defendants, which were both denied by Magistrate Judge Catoe. Thereafter, Plaintiff filed a motion for reconsideration with this court, while also filing an interlocutory appeal of Magistrate Judge Catoe's decision with the Court of Appeals for the Fourth Circuit on February 20, 2009. The Magistrate Judge denied the motion to reconsider, and the Fourth Circuit Court of Appeals ultimately dismissed the appeal.

Plaintiff then filed a motion for partial summary judgment on March 12, 2009. On April 6, 2009, the defendants filed their [Docket Entry #114] Motion to Dismiss, or in the alternative, Motion for Summary Judgment, along with their response to the Plaintiff's motion. Plaintiff's response to their motion was originally due by April 24, 2009. The defendants withdrew their original motion for summary judgment on April 9. On April 30, Plaintiff sought an extension of

time to respond to defendants' motion to dismiss or summary judgment. However, his motion was rendered moot when the court issued an order pursuant to *Roseboro* for a second time in this matter, which once again explained the summary judgment process and also extended Plaintiff's time to respond to the motion for summary judgment until June 4, 2009.

Instead of filing a response to the motion to dismiss or summary judgment, on June 3, 2009, Plaintiff filed the [Docket Entry #138] Motion to Stay Proceedings and Motion for Injunction. On June 22, 2009, the defendants opposed these motions. The Magistrate Judge, on June 25, filed his [Docket Entry #142] Order and Report and Recommendation. Magistrate Judge Catoe denied Plaintiff's motion to stay proceedings, and recommended to this court that the motion for injunction be denied. Moreover, Plaintiff's time to respond to the defendants' motion to dismiss or summary judgment was once again extended, with the new deadline set for July 17, 2009. Plaintiff filed his objections to the Report and Recommendation on July 8, 2009. On July 20, still without filing a response or any opposition to the motion to dismiss or summary judgment, Plaintiff filed a motion to amend/correct his complaint.

Magistrate Judge Catoe issued an order on July 28, 2009, denying Plaintiff's motion to amend, and additionally stating that "plaintiff has through August 7, 2009, to file any opposition to the defendants' motion to dismiss or summary judgment." Order [Docket Entry #152] at 4. In the order, however, the Magistrate Judge warned Plaintiff that "no further extensions [would] be given." *Id.* On August 17, 2009, the Magistrate Judge submitted his second [Docket Entry #156] Report and Recommendation, which recommended dismissal for failure to prosecute because Plaintiff still had not filed a response to the defendants' motion to dismiss or summary judgment. On August 21, Plaintiff filed his objections to Judge Catoe's July 28 Order, and [Docket Entry #159] Motion to Appoint Counsel. On September 2, 2009, Plaintiff filed his objections to the

Magistrate Judge's Report and Recommendation. A month thereafter, on October 8, 2009, Plaintiff, still without having filed a response, filed what he styled as an Omnibus Motion reasserting his general prayers for relief. This is how the case now stands before this court.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Temporary Injunction

On June 3, 2009, Plaintiff filed his [Docket Entry #138] Motion for Injunction. In his motion, Plaintiff alleged that he was placed in the Special Housing Unit ("SHU") of the Federal Correctional Institution in Estill, South Carolina, as a result of retaliation by the defendants.

This is Plaintiff's only claim in the motion properly before the court.[2] He requested injunctive relief, including being released from the SHU. In his [Docket Entry #142] Report, the Magistrate Judge recommended that Plaintiff's motion for injunctive relief be denied.

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court . . . ." *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009). In order to obtain injunctive relief, a petitioner must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008); *see also The Real Truth About Obama, Inc.*, 575 F.3d at 346.

After applying the standard set forth in *Winter*, the court agrees with the Magistrate Judge's recommendation that Plaintiff's motion for an injunction should be denied.[3] Generally, a prisoner "ha[s] no constitutionally protected 'liberty' interest in remaining in the general population." *Ajaj v. United States*, 479 F. Supp. 2d 501, 543 (D.S.C. 2007); *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). In the case presently before the court,

---

[2] Magistrate Judge Catoe correctly determined that Plaintiff's claims regarding his cell conditions and lack of cleaning supplies were not properly before this court. Not only had Plaintiff failed to raise these claims in his initial or amended complaint, but he failed to exhaust his administrative remedies within the prison pertaining to such claims.

[3] The court notes that in his Report and Recommendation, the Magistrate Judge applied the old standard for injunctive relief set forth in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 2002). However, after analyzing Plaintiff's claims under the *Winter* standard, this court reaches the same conclusion as the Magistrate Judge.

Plaintiff was placed in the SHU for purportedly violating prison rules. Moreover, his discontent with his placement does not establish irreparable harm. He also has failed to prove a likelihood of success on the merits by showing the alleged retaliatory act of placing Plaintiff in the SHU violates his constitutional rights. Accordingly, his motion for injunctive relief is denied.

## Failure to Prosecute

The defendants' filed their [Docket Entry #114] Motion to Dismiss, or in the alternative, Motion for Summary Judgment, on April 6, 2009. After the *Roseboro* order, Plaintiff's response to the defendants' motion to dismiss or summary judgment was originally due by June 4, 2009. The Magistrate Judge granted Plaintiff several extensions to file "any opposition to the defendants' motion to dismiss or summary judgment," and ultimately set the final deadline to be August 7, 2009. Order [Docket Entry #152] at 4. Moreover, on June 28, 2009, the Magistrate Judge warned Plaintiff that "no further extensions [of time would] be given." *Id.* However, still to date, Plaintiff has not filed a response or any opposition to the defendants' motion to dismiss or summary judgment. As each deadline to file a response approached, Plaintiff instead would file some other motion that eventually led to a further extension of time.

In his [Docket Entry #152] Report and Recommendation, the Magistrate Judge recommended that the case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[4]

Plaintiff is hereby given an additional ten (10) days from the date of this order to file any opposition to the defendants' motion to dismiss or summary judgment. His filing of any other motions will not suffice. Plaintiff must file a response or opposition addressing the merits of the

---

[4] The court notes that Plaintiff, still without filing any opposition to the defendants' motion to dismiss or summary judgment, filed his [Docket Entry #166] Objections to the Report and Recommendation on September, 2, 2009.

defendants' dispositive motion. If he fails to do so, this court will consider dismissal of his case pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice.

## Conclusion

For the reasons stated above, the court adopts as modified the [Docket Entry #142] Report and Recommendation of the Magistrate Judge and Plaintiff's [Docket Entry #138] Motion for Injunction is hereby **DENIED**. Moreover, Plaintiff is given an additional ten (10) days from the date of this order to file his response or opposition to the defendants' motion to dismiss or summary judgment.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 4, 2009
Florence, South Carolina