UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ira Jerome Moore, ) | Civil Action No.: 6:08-cv-02540-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mildred Rivera, Warden, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Ira Jerome Moore, is a federal prisoner proceeding *pro se*. He seeks relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This case was assigned to United States Magistrate Judge William M. Catoe.[1]

This matter comes before the court with the [Docket Entry #156] Report and Recommendation of the Magistrate Judge and this court's [Docket Entry #172] Order that was filed on November 4, 2009. In his Report, the Magistrate Judge recommended to this court that Plaintiff's case should be dismissed with prejudice for failure to prosecute. Thereafter, this court granted Plaintiff an additional ten (10) days to file a response or any opposition to the defendants' motion to dismiss or summary judgment, and warned Plaintiff that if he failed to do so this court would consider dismissing his case pursuant to Rule 41(b).

On November 16, 2009, still without filing a response to the defendants' motion, Plaintiff filed his [Docket Entry #174] Emergency Motion. The defendants opposed that motion on December 2, 2009.

---

[1] This matter was automatically referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

**Procedural History**

The case was originally filed on July 16, 2008. On November 24, 2008, Plaintiff filed a motion to amend his complaint, which was ultimately deemed moot because the defendants had not yet filed an answer. Plaintiff's [Docket Entry #40] Amended Complaint was filed on November 25, 2008.

On November 26, 2008, the defendants filed their initial motion for summary judgment. Because Plaintiff is proceeding *pro se*, on December 1, 2008, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and possible consequences of failing to adequately respond to the motion. On December 17, 2008, Plaintiff sought and was granted an extension of time to respond to the motion for summary judgment. On January 8, 2009, he filed his response in opposition.

On February 2, 2009, Plaintiff filed a motion to appoint counsel and a motion to disqualify the United States Attorney's Office from representing the defendants, which were both denied by Magistrate Judge Catoe. Thereafter, Plaintiff filed a motion for reconsideration with this court, while also filing an interlocutory appeal of Magistrate Judge Catoe's decision with the Court of Appeals for the Fourth Circuit on February 20, 2009. The Magistrate Judge denied the motion to reconsider, and the Fourth Circuit Court of Appeals ultimately dismissed the appeal.

Plaintiff then filed a motion for partial summary judgment on March 12, 2009. On April 6, 2009, the defendants filed their [Docket Entry #114] Motion to Dismiss, or in the alternative, Motion for Summary Judgment, along with their response to Plaintiff's motion. Plaintiff's response to their motion was originally due by April 24, 2009. The defendants withdrew their

2

original motion for summary judgment on April 9. On April 30, Plaintiff sought an extension of time to respond to the defendants' motion to dismiss or summary judgment. However, his motion was rendered moot when the court issued an order pursuant to *Roseboro* for a second time in this matter, which once again explained the summary judgment process and also extended Plaintiff's time to respond to the motion for summary judgment until June 4, 2009.

Instead of filing a response to the motion to dismiss or summary judgment, on June 3, 2009, Plaintiff filed the [Docket Entry #138] Motion to Stay Proceedings and Motion for Injunction. On June 22, 2009, the defendants opposed these motions. The Magistrate Judge, on June 25, filed his [Docket Entry #142] Order and Report and Recommendation. Magistrate Judge Catoe denied Plaintiff's motion to stay proceedings, and recommended to this court that the motion for injunction be denied. Moreover, Plaintiff's time to respond to the defendants' motion to dismiss or summary judgment was once again extended, with the new deadline set for July 17, 2009. Plaintiff filed his objections to the Report and Recommendation on July 8, 2009. On July 20, still without filing a response or any opposition to the motion to dismiss or summary judgment, Plaintiff filed a motion to amend/correct his complaint.

Magistrate Judge Catoe issued an order on July 28, 2009, denying Plaintiff's motion to amend, and additionally stating that "plaintiff has through August 7, 2009, to file any opposition to the defendants' motion to dismiss or summary judgment." Order [Docket Entry #152] at 4. In the order, however, the Magistrate Judge warned Plaintiff that "no further extensions [would] be given." *Id.* On August 17, 2009, the Magistrate Judge submitted his second [Docket Entry #156] Report and Recommendation, which recommended dismissal for failure to prosecute because Plaintiff still had not filed a response to the defendants' motion to dismiss or summary judgment.

3

On August 21, Plaintiff filed his objections to Judge Catoe's July 28 Order, and [Docket Entry #159] Motion to Appoint Counsel. On September 2, 2009, Plaintiff filed his objections to the Magistrate Judge's Report and Recommendation. A month thereafter, on October 8, 2009, Plaintiff, still without having filed a response, filed what he styled as an Omnibus Motion reasserting his general prayers for relief.

On November 4, 2009, this court entered an order adopting as modified the Magistrate Judge's [Docket Entry #142] Report and Recommendation thereby denying Plaintiff's [Docket Entry #138] Motion for Injunction. That order also granted Plaintiff an additional ten (10) days from the date of the order "to file his response or opposition to the defendants' motion to dismiss or summary judgment." Order [Docket Entry #172] at 7. Additionally, the order warned Plaintiff that if he failed to respond to the defendants' motion to dismiss or summary judgment "the court will consider dismissal of his case pursuant to Federal Rules of Civil Procedure 41(b)." *Id.*

On November 16, 2009, Plaintiff filed an "Emergency Motion" seeking to be removed from FCI-Estill because Plaintiff alleged that his "life is at threat." Motion [Docket Entry #174]. On December 2, 2009, the defendants filed their [Docket Entry #175] Response to Plaintiff's Emergency Motion. This is how the case now stands before the court.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure states:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Moreover, even though the language of Rule 41(b) appears to require a motion from the defendant, the Supreme Court of the United States has recognized that a "federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) ("The district court ha[s] the authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute."); *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) ("It has long been recognized that federal courts possess certain implied or inherent powers . . . . for example . . . the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute . . . .").

5

However, in considering whether to dismiss an action pursuant to Rule 41(b), the court must consider the following four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to defendant caused by delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis*, 588 F.2d at 70; *see also Robinson v. Morton*, No. 4:07-cv-3321-HMH-TER, 2008 WL 2717831, at *1-*2, (D.S.C. July 10, 2008).

In this case, it is proper to dismiss Plaintiff's suit for failure to prosecute. The defendants filed their [Docket Entry #114] Motion to Dismiss, or in the alternative, Motion for Summary Judgment, on April 6, 2009. After the *Roseboro* order, Plaintiff's response to the defendants' motion to dismiss or summary judgment was originally due by June 4, 2009. The Magistrate Judge granted Plaintiff several extensions to file "any opposition to the defendants' motion to dismiss or summary judgment," and ultimately set the final deadline to be August 7, 2009. Order [Docket Entry #152] at 4. Moreover, on June 28, 2009, the Magistrate Judge warned Plaintiff that "no further extensions [of time would] be given." *Id.* Thereafter, Plaintiff still failed to file a response to the defendants' motion to dismiss or summary judgment. As each deadline to file a response approached, Plaintiff instead would file some other motion that eventually led to a further extension of time. In his [Docket Entry #156] Report and Recommendation, the Magistrate Judge recommended that the case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[2]

---

[2] The court notes that Plaintiff, still without filing any opposition to the defendants' motion to dismiss or summary judgment, filed his [Docket Entry #166] Objections to the Report and Recommendation on September, 2, 2009. However, the court hereby overrules all of Plaintiff's objections. In his objections, Plaintiff alleges that he has been unable to file his response to the defendants' motion to dismiss or summary judgment due to the fact that he has been placed in the Special Housing Unit ("SHU") and wrongfully denied access to his legal materials and a law library. However, it appears to the court that

Moreover, this court, in an order dated November 4, 2009, granted Plaintiff an additional ten (10) days in which to file a response or any opposition to the defendants' motion to dismiss or summary judgment. Specifically, the court stated that:

> Plaintiff is hereby given an additional ten (10) days from the date of this order to file any opposition to the defendants' motion to dismiss or summary judgment. [Plaintiff's] filing of any other motions will not suffice. Plaintiff must file a response or opposition addressing the merits of the defendants' dispositive motion. If he fails to do so, this court will consider dismissal of his case pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice.

Order [Docket Entry #172] at 6-7. Notwithstanding the explicit instructions in the court's order, Plaintiff still to date has failed to file a response to the defendants' motion. The court even went as far as to warn Plaintiff that the "filing of any other motions [would] not suffice." *Id.* However, even in the face of that warning, Plaintiff once again filed some other motion while failing to respond to the defendants' dispositive motion.

Looking at the necessary factors, the court concludes that it is proper to dismiss Plaintiff's case pursuant to Rule 41(b) for failure to prosecute. First, because Plaintiff is proceeding *pro se*, he is personally responsible for failing to respond. It is through solely his own actions, and not those of an attorney, that he has repeatedly failed to respond to the defendants' motion to dismiss or summary judgment. Second, the delay has caused the defendants significant prejudice. Not only has Plaintiff failed to respond to the defendants'

---

Plaintiff has had sufficient access to legal materials and law books to enable him to file a response to the defendants' motion. First, while previously placed in the SHU, not only was Plaintiff allowed to retain the legal materials he wished to possess in his cell, but it was stated that he "[would] be provided access to the SHU law library if and when he [made] a request." Declaration of Johnny Sheffield [Docket Entry #140, Attach. 1] at 2. More importantly, Plaintiff has filed a litany of motions throughout this case raising an array of legal issues. Since the defendants filed their motion to dismiss or summary judgment, Plaintiff has filed a motion for injunction, a motion to stay proceedings, a motion to amend his complaint, two sets of objections, an omnibus motion, and an emergency motion. Accordingly, it appears to the court that Plaintiff has had the means and materials to file an adequate response to the defendants' motion.

7

motion, but he has instead filed several motions of his own that have required responses by the defendants. Due to Plaintiff's failure to respond, not only have the defendants carried the burden of remaining a defendant to a civil suit, but the defendants have been required to expend the time and costs associated with an ongoing litigation. Third, and most importantly, the record is replete with instances of Plaintiff acting in a dilatory manner. As more specifically noted above, the original deadline to file a response to the defendants' motion was June 4, 2009. However, as each deadline approached, Plaintiff would file some other motion eventually leading to an extension of time to file his response. Moreover, both the Magistrate Judge and this court warned Plaintiff that no further extensions of time would be given and that the court would consider dismissal of Plaintiff's case with prejudice for failure to prosecute. Even with these warnings, Plaintiff failed to file a response to the defendants' motion to dismiss or summary judgment. Finally, because of the procedural history of this case, the court finds that there are no effective sanctions less drastic than dismissal. In order to efficiently control the litigation in front of the court, and because Plaintiff has continually ignored the court's orders, deadlines, and warnings, the only possible effective sanction is dismissal of Plaintiff's case.[3] Accordingly, Plaintiff's case should be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[3] In *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), the Fourth Circuit Court of Appeals held that "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Id.* at 95. Moreover, in dismissing that particular case, the Fourth Circuit noted the fact that the plaintiff had failed to obey an explicit warning of the Magistrate Judge. *Id.* at 96. The court stated that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order [was] a critical fact . . . ." *Id.*

**Conclusion**

For the reasons stated above, the court overrules all of Plaintiff's objections and adopts as modified the [Docket Entry #156] Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's case is hereby **DISMISSED** *with prejudice* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Additionally, all other pending motions are hereby rendered moot.

**IT IS SO ORDERED.**

        s/ R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

December 9, 2009
Florence, South Carolina